**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| DAVID L. GRANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 2:07cv678-TFM** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, David L. Grant ("Grant") appeared before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS THE COMMISSIONER'S decision.

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999),

citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II. ADMINISTRATIVE FINDINGS

Grant, age 50 at the time of the hearing, completed four years of college. Grant's past relevant work includes employment as a recreational therapist. Grant alleges he became

disabled on September 14, 2004 from diabetes and hypertension.[1] He did not engage in substantial gainful work activity at any time relevant to his application period.

The ALJ found Grant was severely impaired by diabetes mellitus, diabetic retinopathy, diabetic neuropathy, and hypertension.[2] The ALJ also found Grant did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3] Grant's testimony of disabling pain and functional restrictions was found disproportionate to the objective medical evidence, and the ALJ cited this, along with little evidence of medical treatment, as a basis for discounting Grant's testimony.[4] It was determined Grant had the residual functional capacity ("RFC") to perform a restricted range of light work activity, with specified physical and non-exertional limitations. Grant was found able to perform his past work as performed in the national economy, as well as other work including information order clerk, cashier, and teacher's aide.[5] These findings regarding Grant's ability to work rendered him ineligible for disability benefits under the Act.

---

[1] R. at 47, 217.

[2] R. at 21, 26.

[3] R. at 21-22.

[4] R. at 24.

[5] R. at 41, 42.

### III.  ISSUE

Grant raises a single issue for judicial review:[6]

Whether the ALJ correctly evaluated documentation and testimony concerning Grant's pain?

### IV.  DISCUSSION

**<u>The ALJ Correctly Evaluated Grant's Pain Under Eleventh Circuit Precedent.</u>**

Grant argues the ALJ erred in evaluating his pain and the record's evidence of medical conditions consistent with his claims.  The Commissioner responds that the ALJ properly evaluated the credibility of Grant's subjective complaints and objective medical evidence. The court agrees that the ALJ gave well-reasoned grounds to reject Grant's allegations and testimony of disabling pain, and therefore, did not err in his evaluation of his pain.

The five-step sequential analysis set forth in regulations require that a claimant prove that he is disabled.  20 C.F.R. § 404.1512; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).  The Eleventh Circuit has set forth its approved criteria for establishing a disability based on testimony of pain and other symptoms.  It explained that

> a claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.  If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so.  Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the

---

[6]*See* Plaintiff's Brief ("Pl. Br.") at 7 (Doc. #12, filed December 7, 2007) *and* Order filed July 30, 2007 (Doc. #4) (directing Plaintiff to a brief in support of his claim(s) and to include in his brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution").

testimony be accepted as true.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citations omitted). A "claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). "Indeed, in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). An ALJ must explicitly explain why he chose not to credit a claimant's testimony. *Brown*, 921 F.2d at 1236. When evaluating a claim based on disabling subjective symptoms, the ALJ considers medical findings, a claimant's statements, statements by the treating physician and evidence of how the pain affects the claimant's daily activities and ability to work. 20 C.F.R. § 416.929(a). "The decision concerning the plaintiff's credibility is a function solely within the control of the Commissioner and not the courts." *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1213 (M.D. Ala. 2002).

Grant contends the diabetes and complications documented in the record provides sufficient support for his allegations of pain and disability. The ALJ in this case found his allegations of pain and limitations "not credible," and set forth several factors presented by the record which led him to find Grant was not disabled by pain. Despite Grant's claim of following a "rigorous treatment regimen" for his condition, and his prescribed diabetic diet,[7] a primary factor considered by the ALJ was Grant's noncompliance with the appropriate diet

---

[7]Pl. Br. at 7; R. at 229-30.

for a person with his diagnosis.[8]  During a February, 2006 visit to Dr. Mary Casals, Grant admitted to poor eating habits, and the report reflects his diet is "terrible."[9]  Dr. Alan Babb also noted Grant's poor diet as a negative factor in his ability to control his diabetes.[10]  The ALJ noted his obligation to consider a variety of factors in assessing Grant's allegations of pain, including precipitating and aggravating factors.[11]  *See Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (non-compliance a valid consideration in ALJ's finding of non-disability).  Grant's credibility was further impacted by Dr. Babb's report, which indicated surprise at Grant's statement that he does not drive due to poor vision because such was not substantiated by visual records.[12]  Additional credibility problems concerning Grant's claim of adverse side effects due to medication are highlighted in the Commissioner's brief, wherein it is noted Grant did not complain of drowsiness to his physician, but in fact took sleeping pills during his application period.[13]

As for functional limitations, Grant testified he could sit for a total of three to four hours in an eight-hour day.[14]  However, he reported watching television, while sitting or

---

[8] R. at 24.

[9] R. at 146.

[10] R. at 180.

[11] R. at 24.

[12] R. at 177.

[13] Def. Br. at 11.

[14] R. at 223.

laying, from six a.m. to noon, and again from one p.m. until five or six p.m.[15] Grant presented a clear conflict between his actual activities and professed abilities when he further stated he watched television for approximately four hours each day.[16] The ALJ also noted Grant did not present the neurological deficits, weight loss, or muscle atrophy which indicates the level of pain alleged.[17] Dr. Jack Evans testified Grant's condition escalated around April, 2006, but he still did not present an illness which met or equaled agency listings for disability.[18]

Here, the ALJ chose not to credit Grant's testimony. This decision is supported by the discrepancies between his testimony, and the medical reports of his conditions and activities.[19] Essentially, the ALJ followed the second prong of the *Wilson* test to determine the record did not contain medical signs or laboratory findings which could be reasonably expected to produce the pain alleged. *Wilson, id*. Although Grant demonstrated the underlying medical conditions required under *Wilson*, he did not show objective medical evidence to confirm the severity of the alleged pain, or show the medical conditions could produce the pain alleged during her administrative hearing. The ALJ's decision provided specific reasons for discrediting Grant's subjective testimony. *Id.; see also Foote*, 67 F.3d

---

[15] R. at 225.

[16] R. at 227.

[17] R. at 24.

[18] R. at 238-39, 232.

[19] R. at 24.

at 1562 (a clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed ).

This statement of explicit reasons for the ALJ's rejection of Grant's subjective testimony of pain and disability satisfy the requirements in the Eleventh Circuit, and the ALJ cited substantial evidence for his decision on this issue. The record shows that Grant's subjective complaints of pain did not support a finding that he was disabled, or even that he was unable to perform her past relevant work, as generally performed in the national economy. Thus, he failed to meet her burden of proof, and the court finds no reversible error on this issue.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law. It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**  A separate judgment is entered herewith.

Done this 24th day of March, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a)   **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b)   **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c)   **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d)   **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e)   **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).